IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM C. NEAL, | : | Civil No. 1:19-CV-02078 |
| Appellant, | : | |
| v. | : | |
| CGA LAW FIRM, | : | |
| Appellee. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

This is an appeal from an order filed by the United States Bankruptcy Court for the Middle District of Pennsylvania converting self-represented Appellant William Neal's ("Neal") bankruptcy case from Chapter 13 to Chapter 7 based on Neal's default on the terms of a stipulation.[1] Because the court finds Neal's appeal meritless, and that the bankruptcy court did not otherwise abuse its discretion, the court will deny the appeal and affirm the bankruptcy court's order. (Doc. 1-2.)

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 27, 2017, Neal, a self-represented litigant, filed a voluntary Chapter 13 bankruptcy petition. (Doc. 30-1, p. 5.)[2] On May 15, 2018, Appellee, the CGA Law Firm ("CGA"), an unsecured creditor in the underlying bankruptcy case, filed a motion to convert Neal's Chapter 13 case to a Chapter 7 case,

---

[1] The underlying bankruptcy case is located at docket number 1:17-bk-04018 and remains ongoing.

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

1

asserting that, inter alia, Neal had filed a number of prior bankruptcy petitions in bad faith under Chapter 13, none of which culminated in a confirmed plan to liquidate Neal's assets, including two parcels of real estate, to pay his creditors. (Doc. 30-1.)  Neal objected to this motion on June 4, 2018, alleging that he did not owe anything to CGA and that a CGA attorney who represented Neal in a prior bankruptcy case, Lawrence Young ("Young"), may have a conflict of interest because Young now appears as a creditor against him.  (Doc. 8-2.)  The bankruptcy court held a hearing on the motion on August 23, 2018, during which the bankruptcy court noted that the parties had entered into a stipulation to resolve the motion.  (Bankr. Ct. Docs. 67, 70.)[3]  This stipulation was filed, as directed by the bankruptcy court, on October 24, 2018.  (Bankr. Ct. Doc. 79.)

The terms of the stipulation provided as follows:

a. The Debtor will timely file an Amended Chapter 13 Plan, the terms of which will be consistent with this Stipulation;

b. The Debtor will have from the date of the entry of the Order approving this Stipulation until March 31, 2019, to perform necessary repairs on all parcels of real estate owned by him as listed in the schedules and as reflected on Deeds or Agreements of Sale such that they will be ready for sale;[4]

---

[3] Here, and hereinafter when using "Bankr. Ct. Doc.", the court refers to documents from the docket sheet in the underlying bankruptcy case not otherwise provided by the parties' designated records.

[4] The stipulation includes a handwritten note in the margin following this section stating: "as per 'c,' other than his residence." (Doc. 30-2, p. 2.)  This notation is initialed by "W.N." (*Id.*)

2

    c.    On or before April 1, 2019, the Debtor will cause a Realtor to be retained by the Bankruptcy Estate and will cause all parcels of real estate OTHER THAN HIS RESIDENCE to be listed for sale at prices recommended by the Realtor and which are likely to secure a buyer on or before September 30, 2019;

    d.    Any parcel of real estate that remains unsold as of September 30, 2019 will be the subject of a public sale to be conducted by an auctioneer mutually agreeable to the Debtor, CGA Law Firm and the Chapter 13 Trustee, the said parcels of real estate to be sold at public sale on or before December 31, 2019 for such prices and at such values as the auctioneer may obtain, the sales at that point to be free and clear of all liens and encumbrances[.[5]]

(Doc. 30-2, p. 2.) This stipulation was approved by the bankruptcy court on October 25, 2018. (Doc. 30-3.)

On September 25, 2019, Neal filed an amended Chapter 13 plan, which provided for the liquidation and sale of two properties, one at 3 South Main Street, Stewartstown, PA and one at 1531 East Forrest Avenue, New Freedom, PA by December 12, 2022—nearly three years after the date provided for in the stipulation. (Doc. 30-4, pp. 2, 12–13.) In addition, Neal's proposed plan further modified the approved stipulation by indicating that:

    A.) Debtor reserves [the] right to remove any and all properties from sale/being sold of once sale of one or more properties has been made [sic] that provides enough funds to satisfy all required debt[;]

    . . .

---

[5] The stipulation includes a handwritten note in the margin following this section stating: "as per 'c,' other than his residence." (Doc. 30-2, p. 2.) This notation is initialed by "W.N." (*Id.*)

3

> D.) Debtor wishes to continue with the originally stated deadline of December 12, 2022 to provide him time to properly sell off the/these commercial property/properties only as needed to satiate said debt, not just to sell off all the assets he owns; the realtor that was hired to satisfy the bankruptcy requirements, [sic] has yet to provide any potential buyers, even though the prices were set at the original comps she had provided.  Debtor has been working on his own to procure and bring to the realtor potential buyers, and has considered the need to seek alternative sales representation that might work to more aggressively advertise and promote sale of his properties close to the comp numbers that were calculated by [the] agent.
>
> E.) Debtor requests that no actions be taken to alter the nature of this bankruptcy during the period present until the deadline of December 12, 2022 set in prior plans, to assure that the debtor has adequate opportunity to get proper value from said properties and only needs to sacrifice what is needed to satisfy noted debt.

(*Id.* at 14.)

CGA objected to this proposed plan on October 17, 2019, arguing that its original motion to convert Neal's case to a Chapter 7 plan was resolved via stipulation "whereby the Debtor agreed that if two parcels of non-residential real estate owned by the Debtor were not under contract for sale by September 30, 2019, the Debtor would retain an auctioneer and sell the parcels of real estate by public sale[.]"  (Doc. 30-5, pp. 1–2.)  CGA noted that Neal's proposed plan ignored the deadlines in the stipulation, including the deadline to file an amended Chapter 13 plan, opting instead to propose a deadline for disposition of the properties "over three years later than the date originally agreed upon[.]"  (*Id.* at 2.)  Moreover, CGA argued that Neal had received purchase offers for both parcels of

real estate, but that he had rejected them despite the realtor's belief that the offers were fair. (*Id.*) Accordingly, CGA filed a certificate of default on the same day, indicating that Neal had failed to timely comply with the terms of the stipulation and renewing its request that Neal's case be converted from a Chapter 13 case to a Chapter 7 case. (Doc. 30-6.)

On December 4, 2019, the bankruptcy court held a hearing on the issue of Neal's default, and concluded that Neal had defaulted on his obligations under the agreed-upon and court-approved stipulation. (Bankr. Ct. Doc. 123.) Thus, the bankruptcy court converted Neal's bankruptcy case from Chapter 13 to Chapter 7. (Doc. 30-7.)

On December 5, 2019, Neal appealed the bankruptcy court's order converting his case from Chapter 13 to Chapter 7. (Doc. 1.) On December 17, 2019, Neal filed an amended notice of appeal. (Doc. 3.) While his appeal was pending, Neal filed a motion to enjoin the bankruptcy court from auctioning off his real estate properties to satisfy his debts. (Doc. 9.) In order to resolve Neal's motion, and after a telephonic hearing, the court temporarily stayed the auction and sale of these properties so that the Trustee could respond to Neal's motion. (Doc. 15.) The court denied Neal's motion on September 1, 2020, finding that Neal failed to show a likelihood of success on the merits of his appeal. (Doc. 21.) The

court also issued a briefing schedule for the merits of the appeal and vacated the temporary stay previously entered. (*Id.*)

Neal filed his brief on the merits of the appeal on September 29, 2020. (Doc. 26.) CGA filed its brief in opposition on October 15, 2020. (Doc. 27.) Neal timely filed a reply brief. (Doc. 28.) Thus, this appeal is ripe for disposition.

## JURISDICTION

The court has jurisdiction under 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. An order converting a Chapter 13 bankruptcy proceeding into one under Chapter 7 is appealable as a final order. *See In re Smith*, 757 F. App'x 77, *81 n.5 (3d Cir. Dec. 13, 2018) (citing *In re Rosson*, 545 F.3d 764, 770 (9th Cir. 2008)).

## STANDARD OF REVIEW

The court reviews bankruptcy court decisions of law de novo. *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999). The bankruptcy court's findings of fact will only be set aside if clearly erroneous. *See* Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); *In re O'Brien*, 188 F.3d at 122.

## DISCUSSION

Although Neal's argument is not entirely clear, the court gathers that he is asserting that he was denied his right to have counsel present during the default hearing on December 4, 2019 to present arguments on his behalf, thus denying him due process, and that the bankruptcy court otherwise abused its discretion by converting the case from a Chapter 13 to a Chapter 7 case.[6] (Doc. 3, pp. 4–7; Doc. 26, pp. 10–11.) CGA rejoins that the bankruptcy court did not abuse its discretion. (Doc. 27, pp. 4–7.) The court will address these arguments seriatim.

**A. Neal was not Denied his Right to Counsel or Due Process.**

Neal contends that the bankruptcy court's decision to proceed with the hearing on CGA's motion to convert the proceedings from Chapter 13 to Chapter 7 abridged his right to due process and his right to counsel because he had purportedly retained counsel to represent him during this hearing.

Initially, it is well-settled that "procedural due process requires 'at a minimum . . . that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *United States v. Ausburn*, 502 F.3d 313, 322 (3d Cir. 2007) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)). In addition,

---

[6] Neal raises a number of other arguments that are not germane to the bankruptcy court's order from which an appeal is taken. Thus, the court will not address these arguments at this time.

courts have held that "due process considerations apply in the exercise of bankruptcy jurisdiction." *In re Tribune Media Co.*, 902 F.3d 384, 397 (3d Cir. 2018) (quoting *In re Smith Corset Shops, Inc.*, 696 F.2d 971, 976 (1st Cir. 1982) (quotation marks omitted)).  Thus, "both debtors and creditors have a constitutional right to be heard on their claims, and the denial of that right . . . is the denial of due process. . . ." *In re Tribune Media Co.*, 902 F.3d at 397 (quoting *Matter of Boomgarden*, 780 F.2d 657, 661 (7th Cir. 1985) (alteration omitted) (internal quotation marks omitted)).

In this case, Neal had notice of the bankruptcy court's conversion hearing and an opportunity to be heard.  Indeed, Neal appeared at this hearing and presented evidence on his own behalf.  While Neal alleged that he had obtained counsel, no counsel had entered their appearance by the time of the hearing, and the bankruptcy court elected to proceed with the hearing.[7]  (Bankr. Ct. Doc. 169, pp. 2–3.)  Conspicuously, Neal has failed to indicate what counsel would have argued or presented during the hearing to change the outcome.  Moreover, it is abundantly clear that the bankruptcy court afforded Neal ample opportunity to present his version of the case in response to CGA's presentation on its motion.  (*See id.* at 7–11 ("Mr. Neal, I'll give you a chance to respond because I'd like to

---

[7] Indeed, to date, Neal remains self-represented in his underlying bankruptcy petition and in this appeal and has competently represented himself since the inception of the bankruptcy court case.

8

hear why I shouldn't agree with what Mr. Young just proposed, based on the history of this case and your prior cases. So give me your best shot.").) Neal has not indicated what else he wished to present at this proceeding. As such, the court concludes that the bankruptcy court afforded Neal adequate due process and will deny his appeal on this ground. *See, e.g.*, *In re Bartle*, 560 F.3d 724, 730 (7th Cir. 2009) ("We cannot say that [the Debtor's] substantial rights were affected by an erroneous deprivation of an opportunity to be heard . . . when he has not set forth what he would have brought to the court's attention. . . ."); *McNeil v. Drazin*, 499 B.R. 484, 490 (D. Md. 2013) ("During both hearings . . . , [Appellant] presented evidence and legal arguments . . . before the Bankruptcy Court ruled against him . . . . Thus, [Appellant] had an opportunity to be—and was—heard on this issue." (footnote omitted) (internal citations omitted)).

Additionally, and perhaps more fundamentally, "[a] debtor does not have a constitutional right to counsel in a bankruptcy case." *In re Decker*, No. 3:14-cv-380, 2014 U.S. Dist. LEXIS 34202, at *8 n.2 (M.D. Pa. Mar. 17, 2014) (citing *In re Trinsey*, 115 B.R. 828, 834 (Bankr. E.D. Pa. 1990) (citations omitted)); *see also In re Engel*, 190 B.R. 206, 210 (Bankr. N.J. 1995) ("Issues regarding debtor's constitutional right to counsel are of concern to the criminal forum and not the bankruptcy court." (quoting *In re Duque*, 48 B.R. 965, 975 (Bankr. S.D. Fla. 1984))). Thus, to the extent Neal argues that his constitutional rights were

impeded by the bankruptcy court's decision to proceed with the conversion hearing without his purported counsel present, he is incorrect, and his appeal is denied on these grounds.

### B. The Bankruptcy Court did not Abuse its Discretion when Converting Neal's Case from Chapter 13 to Chapter 7.

A bankruptcy court's order converting a bankruptcy proceeding from Chapter 13 to Chapter 7 is reviewed for an abuse of discretion. *See In re Myers*, 491 F.3d 120, 127 (3d Cir. 2007); *see also In re Smith*, 757 F. App'x at 81 n.5 (citing *In re Am. Capital Equip., LLC*, 688 F.3d 145, 153, 161 (3d Cir. 2012)). Under the Bankruptcy Code, on request of a party, a Chapter 13 case may be converted to a Chapter 7 case for cause, including eleven statutorily enumerated reasons related to the debtor's conduct and compliance with the plan. 11 U.S.C. § 1307(c); *see Smith v. Manasquan Bank*, No. 18-0048, 2018 U.S. Dist. LEXIS 135395, at *5–6 (D.N.J. Aug. 9, 2018). Among these reasons are: "unreasonable delay by the debtor that is prejudicial to creditors" and "denial of confirmation of a plan[.]" 11 U.S.C. § 1307(c)(1), (5).

During the hearing, the bankruptcy court found both of these sections applicable, noting that Neal's bankruptcy case had remained pending for over two years, and that this delay was unreasonable and prejudicial to Neal's creditors. (Bankr. Ct. Doc. 169, pp. 12–13 ("The case is now over two years old, there are

116 docket entries, we are no closer today to a confirmable plan than you were on the day you filed.").)  In addition, the bankruptcy court found that allowing Neal to file future plan(s) would be fruitless, based on the court's denial of Neal's most recent plan, which suffered from the same defects as the prior proposed plans.  (*Id.* at 14 ("it would be fruitless to pursue a future plan because it's going to be more of the same").)  Other courts have taken similar action.  *See In re Blanco*, 520 B.R. 476, 483 (Bankr. E.D. Pa. 2014) ("Cause exists for dismissal under section 1307(c)(1) when the chapter 13 debtor has been given a reasonable time to propose a viable plan and it is clear that the debtor will be unable to do so.").

Indeed, in this case, it is clear that Neal has been given a number of opportunities to produce a confirmable plan under Chapter 13.  As the bankruptcy court explained:

> creditors have rights in bankruptcy, too. . . . .  And when debtors file they have responsibilities.  And chief amongst those responsibilities is to authentically pursue a reorganization.  Now, the evidence overwhelmingly here demonstrates that that has not occurred. . . . .  You have been afforded opportunity after opportunity after opportunity.  I thought Mr. Young was very gracious when he and his client agreed to reinstate your case from Chapter 7.  It was converted to Chapter 7 because there was an agreement between yourself and Mr. Young and his client that you would take certain actions to liquidate those properties and if they failed, they would go to auction.  That did not occur, so upon a certification of default, I converted the case to 7 thinking that was the end of it.  And, quite frankly, where it properly belonged.
>
> Mr. Young then agreed to reinstate it to afford you yet another opportunity and I would point out it's your third bankruptcy in a three

11

> year period.  First two were filed to defeat sheriff's sales and were never pursued authentically.  There was no effort, no schedules were filed, they were dismissed within 30 days.  I routinely dismiss cases with prejudice on those grounds alone.  But then Mr. Young and his client afforded you additional opportunity after opportunity, you proposed now at least two plans, maybe three, but in any event this most current plan suffers from the exact same defects as the first plan.  There's been no effort to change or address the objections.  None.  And whether it's the responsibility in your mind of the creditor who hasn't taken down the signs, or not, that's not relevant to me.  It's your job.  It's your job to make sure that those properties are marketed and sold within the time period allowed by the code or by the creditor.  It wasn't done, for whatever reason, it wasn't done. . . . . Those facts are very damning for you [sic] case.

(Bankr. Ct. Doc. 169, pp. 11–12.)  Thus, based on Neal's own actions in failing to abide by the terms of the agreed-upon and court-approved stipulation, his failure to produce a confirmable plan, and his numerous delays and requests for more time, the bankruptcy court found that Neal's creditors were subject to undue prejudice and that providing Neal more time in which to produce a confirmable plan would be fruitless.  Based on these facts, which are undisputed by Neal, the court finds that the bankruptcy court did not abuse its discretion in converting Neal's case from Chapter 13 to Chapter 7.  Thus, Neal's appeal is also denied on these grounds.

## CONCLUSION

For the foregoing reasons, Appellant's appeal will be denied. (Doc. 1.) An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: April 27, 2021